IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMES W. BERRY, JR.,

        Plaintiff,

v.                                       CIVIL  ACTION  NO.  3:07-0312

ROBERT G. CHAFIN, et al,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to United States Magistrate Judge R. Clarke VanDervort for submission to the Court of his Proposed Findings and Recommendation. The case was thereafter reassigned to Magistrate Judge Mary E. Stanley. Magistrate Judge Stanley submitted her report on August 25, 2010. Plaintiff has timely filed objections to the Proposed Findings and Recommendation. Upon *de novo* review of Plaintiff's Complaint and objections, the Court **ACCEPTS** and **INCORPORATES** herein the Proposed Findings and Recommendation of the Magistrate Judge and **DISMISSES** Plaintiff's action.

## BACKGROUND

Plaintiff James William Berry ("Plaintiff") brought this action *pro se* on May 17, 2007, seeking relief from the named defendants for alleged violations of the United States Constitution. Plaintiff is currently serving a life sentence without possibility of parole for convictions dating back to 1982. Plaintiff is no stranger to this Court. Since 1999, he has filed numerous habeas

petitions challenging his convictions.  He has also brought other civil claims under 42 U.S.C. § 1983 for monetary and injunctive relief against the named defendants and other individuals involved in his incarceration and in the events leading to his convictions.

The Magistrate Judge adequately described both the procedural history of the case and Plaintiff's prior endeavors in this Court.  As quoted in the Magistrate Judge's Proposed Findings and Recommendation, Plaintiff summarizes his claims against each of the named defendants as follows:

> After Jan. 17, 1996, Judge Chafin usurped his authority to Case No. 96-F-027 and 97-F-001. After Feb. 17, 1997, James Young misrepresented laws of Case No. 97-F-001.  After Nov. 1996, Darrell Pratt misrepresented laws to Case No. 96-F-027.  Judge Alfred Ferguson usurped law of Case No. 99-C-105 by misrepresentation of law and facts.  From 1999 until 2002, then abuses July 2005, Case No. 05-C-105.  Judge Lewis in 2002 [?] committed corruption of blood, W. Va. § 18 and U.S.C. 5. County Commissioners and Clerk of County Records fraudulently conveyed Mr. Berry's real estate in 2002 [?].  Assistant Attorney General Heather Foster placed false records in Case No. 03-Civ-0873, to deprive Mr. Berry a fair hearing.  Ass't Attorney General Charles Houdyschell misrepresented law and facts to Mandamus No. 30696, where Mr. Berry was being held illegally.  Attorney General Darrell McGraw refuses to comply to state laws and report/assist in correcting illegal incarceration he has personal knowledge of Mr. Berry's claims lies to 11 years of known illegal raid and unenforceable incarceration, that the named and unnamed defendants had and has personal knowledge of as fact, that all are responsible for loss of life, liberty and property, to eleven years of cruel and unusual punishment, in the following manner, usurping jurisdiction and authority, by separation of powers of the legislative body and the judicial, § 61-11-18, as example, malfeasance of official duty, conspiracy to deny due process and coverup wrongdoings, theft of property, fraud, denial of access to the courts and corruption of blood, that whether intentional or unintentional are still accessories to, for personal gains.

Proposed Findings and Recommendation 5-6, No. 33 (Aug. 25, 2010) (citing Pl.'s Comp. 4-6, No. 1 (corrections added)).  The Magistrate Judge construed the instant action as a claim that Plaintiff's constitutional rights were violated during the course of his prosecution.  She recommended that Plaintiff's Complaint be dismissed as being frivolous, and for failing to state a claim upon which relief can be granted within the meaning of 28 U.S.C. § 1915A(b).  Proposed Findings and Recommendation 5-6, No. 33.  Plaintiff asks this Court to reconsider the Magistrate Judge's conclusions, and to evaluate his Complaint more thoroughly in light of the record that he has

provided. Pl.'s Objections 1, No. 34. For the following reasons, the Court declines Plaintiff's request, and adopts the Proposed Findings and Recommendation.

## DISCUSSION

Plaintiff has timely objected under 28 U.S.C. § 636(b)(1)(C). The Magistrate's findings are thus reviewed *de novo*. *See Wright v. Collins*, 766 F.2d 841, 845 (4th Cir. 1985). Under 28 U.S.C. § 1915A, a court may dismiss a complaint if it finds that it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Courts must read a plaintiff's complaint in the most favorable light, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but the complaint must consist of "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009). Because Plaintiff's claim arises from 42 U.S.C. § 1983, he must show that a state actor or entity (1) deprived him of a right secured by the Constitution or laws of the United States, and (2) that the violation was effectuated by a person acting under the color of state law. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

While the Court must construe *pro se* complaints liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), it need not strain in "piec[ing] together causes of action from fragmentary factual recitations." *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996). Plaintiff discusses the allegations essential to this action both in his Complaint and in a pleading labeled "informal brief." In construing his action, the Court considers both of those filings collectively, and agrees with the Magistrate Judge that Plaintiff attempts to raise a claim that his federal constitutional

rights were violated during the course of his prosecution and that he is currently entitled to damages because of illegal incarceration.

### A.     Unconstitutional Sentence and Conviction Claim

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, . . . declared invalid[,] . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (noting the requirements for stating a cause of action for unconstitutional conviction and imprisonment under § 1983). Courts nonetheless must carefully determine whether success on the plaintiff's claim would call his conviction into question. *See Young v. Nickols*, 413 F.3d 416, 417 (4th Cir. 2005) (*"Heck* . . . only bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment.").

While Plaintiff seasons his Complaint and accompanying brief with a host of legal conclusions, most of the documents he has provided illuminate few factual allegations. Plaintiff's principal claims seem to be that the state courts that rendered judgment over him lacked jurisdiction to do so under state law and, more importantly for purposes of this action, that the named defendants are guilty of perpetuating what essentially amounts to a conspiracy to keep Plaintiff incarcerated despite the unconstitutional and wrongful acts that led to his convictions.     On *de novo* review, the Court finds that Plaintiff's Complaint must be dismissed because judgment in his favor would necessarily imply the invalidity of his underlying convictions and he has not demonstrated that his "conviction or sentence has . . . been

invalidated." *Heck*, 512 U.S. at 487. To the contrary, Plaintiff has unsuccessfully challenged the legality of his convictions and incarceration numerous times in federal court, both on appeal and collateral review. *See, e.g.*, *Berry v. McBride*, No. 04-7675, 2005 U.S. App. LEXIS 3766, at *1-2 (4th Cir. Mar. 7, 2005) (denying Plaintiff a certificate of appealability and dismissing his appeal under 28 U.S.C. § 2253(c)(2) because of the lack of a "substantial showing" that he was denied a constitutional right during the course of his conviction proceedings); *Berry v. McBride*, No. 05-01134, slip op. at 4 (S.D. W.Va. Oct. 5, 2006) (denying Plaintiff's habeas petition challenging the validity of his sentence and conditions of his confinement as successive under 28 U.S.C. § 2244(b)(3)(A)). Moreover, his attempts to raise these same arguments in prior 1983 actions have been unavailing. *See, e.g.*, *Berry v. Kirby*, No. 99-00483 (S.D. W.Va. July 16, 1999) (dismissing Plaintiff's complaint for failure to state a claim), *aff'd*, No. 99-6964, 1999 U.S. App. LEXIS 34249, at *1 (4th Cir. Dec. 29, 1999).

Because of "concerns for finality and consistency," *Heck*, 512 U.S. at 485, the Court declines to afford Plaintiff another opportunity to challenge the legality of his confinement, and accordingly finds that his Complaint fails to state a claim upon which relief can be granted.

## IV. Conclusion

For the stated reasons, the Court concludes that Plaintiff's action brought under 42 U.S.C. § 1983 must be dismissed under the standards set forth in 28 U.S.C. § 1915A(a). Accordingly, the Court, upon *de novo* review, **ADOPTS** the Proposed Findings and Recommendation of the Magistrate Judge, **DENIES** Plaintiff's objections, and **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief can be granted.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:      September 15, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE